AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.    **ORDER OF DETENTION PENDING TRIAL**

BRANDON BROWN     Case Number: 08-M-8081-02-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 29, 2008      s/ David J. Waxse
                 *Signature of Judicial Officer*

               DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                 *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Brandon Brown
Criminal Action 08-M-8081-02-DJW

# Part II - Written Statement of Reasons for Detention

There is a set of factors in a statute that I have to consider to determine whether there are conditions that will ensure your appearance before the court and protect the community.

The first factor is the nature and circumstances of the offense charged, including whether it is a crime of violence or includes a controlled substance. Cases have made it clear that if guns are involved it is a crime of violence and obviously there is a controlled substance, so that is a problem.

The next factor is the weight of the evidence. There is a Complaint which required a probable cause determination by a judge, so that is a problem.

The next factor is the person's character, physical, and mental condition. There is nothing in the reports or the proffers that indicate a problem.

Family ties are positive.

Employment is negative.

The next factor is financial resources. There is no indication you currently have sufficient funds to flee. There is an indication that at one point you had sufficient funds to flee, so that is neutral.

Length of residence in the community is positive.

Past conduct, which includes history relating to drug or alcohol abuse, is negative. Criminal history is minor but you are very young to have much. Record concerning appearance at court proceedings is negative.

The next factor is whether at the time of the current offense or arrest you were on probation, parole, or other release pending trial. There is no indication that you were.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. There are allegations that you have been providing crack

cocaine to the community and operating a crack house with lots of weapons, and money, and drugs in it. Those are serious problems in this community.

It is my determination that there are no conditions that will adequately protect the community from the same kind of behavior that you exhibited before with these large amounts of weapons, and money, and crack in a house. You will remain detained.